IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02007-MSK-KLM

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINE DIVISION,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,
REPUBLIC AIRWAYS HOLDINGS, INC., and
FAPAINVEST, LLC,

    Defendants.

## [~~PROPOSED~~] STIPULATION AND PROTECTIVE ORDER

Plaintiff International Brotherhood of Teamsters, Airline Division ("IBT"), Defendant Frontier Airlines, Inc. ("Frontier"), Defendant Republic Airways Holdings, Inc. ("RAH") and Defendant FAPAInvest, LLC ("FAPAInvest") (sometimes referred to herein individually as a "Party" or collectively as the "Parties"), through their respective counsel, stipulate to a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (hereinafter defined), and, as grounds therefore, state as follows:

    1.    In this action, the Parties are in possession of discoverable information which they reasonably believe constitutes Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential

1

Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request -- including any extract, abstract, chart, summary, note, email, electronic document or copy made there from – which is not publicly available and contains sensitive business and/or proprietary information, and which is designated as Confidential Information by one of the Parties in the manner provided in Paragraph 3, below.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" before the prefix of all bates numbering on each page of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to the other Parties designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided to the Parties in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used by the Parties to whom it is disclosed only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by the Parties' to whom it is disclosed, or their counsel, in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of **Exhibit A** has been signed by the person to whom it will be disclosed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. A Party to whom Confidential Information is disclosed shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons employed or retained by such Party to whom such Confidential Information is disclosed, shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, the Party which disclosed Confidential Information may inspect the list maintained by a Party to whom Confidential Information is disclosed pursuant to paragraph 6, above, upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information.

If the Party to whom Confidential Information is disclosed disagrees that there is a showing of substantial need, then the disclosing Party may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. If a Party objects to the designation by another Party of certain information as Confidential Information, the Party shall promptly inform the disclosing Party in writing of the specific grounds of objection to the designation. The Parties shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, the Parties are unable to resolve their dispute, any Party may move for a disclosure order or a protective order consistent with this order. Any such motion shall be made pursuant to MJ Mix's discovery procedures within 14 days of the Parties' inability to resolve their dispute, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion. [KLM]

10. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the seeking to file the documents under seal. Any motion

requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

11. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order. ~~and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.~~ *KLM*

12. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

13. Due to the large volume of electronic and hard copy data in the possession, custody, or control of the Parties, the inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work product protection, or deemed Confidential under this Protective Order, will not be deemed a waiver of a Party's claim to its privileged or protected nature or estop that Party from designating the information or document as "Confidential". Any Party receiving any such information or document shall return it upon request from the producing Party within five (5) business days of the request, regardless of whether the receiving party agrees with the claim confidentiality or privilege.

14. Within 120 days of the termination of this litigation, including any appeals, each Party shall immediately return to the producing Party, or the Parties may agree to destroy, all Confidential Information provided subject to this Protective Order. If the Parties agree to destroy Confidential Information, the destroying party shall provide all parties with an affidavit confirming the destruction. At that time, any Party shall also provide to the producing Party a list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6, above, and counsel shall provide the producing party with verification that any Confidential Information provided to these individuals has been destroyed.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this _13th_ day of _February_, 2012.

BY THE COURT:

_____
United States District Court
Magistrate Kristen L. Mix

**STIPULATED AND AGREED BY:**

s/ Leslie E. Miller
Matthew J. Rita, Esq.
Leslie E. Miller, Esq.
FORD & HARRISON LLP
World Trade Center
1675 Broadway, Suite 2150
Denver, CO 80202-4679

Douglas Ward Hall, Esq.
FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC 20036-1650

ATTORNEYS FOR REPUBLIC AIRWAYS HOLDINGS, INC. AND FRONTIER AIRLINES, Inc.

s/ William Wilder
William R. Wilder, Esq.
Baptiste & Wilder, P.C.
1150 Connecticut Avenue, NW, Suite 315
Washington, DC 20036-4104

ATTORNEY FOR PLAINTIFF
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, AIRLINE DIVISION

s/ Heather Carson Perkins
Heather Carson Perkins
Faegre Baker Daniels LLP
1700 Lincoln Street, Suite 3200
Denver, CO 80203-4532

ATTORNEY FOR FAPAInvest, LLC

# EXHIBIT A

## AFFIDAVIT

STATE OF _____ )
)
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the **Stipulation and Protective Order** entered in *International Brotherhood of Teamsters v. Frontier Airlines, Inc., et al*, Civil Action No. 11-cv-02007-MSK-KLM (the "Litigation"), a copy of which is attached to this Affidavit.

2. I have been informed by _____, counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined by the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information show or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than for this Litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the Litigation.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type)

_____

_____
Address

_____
Telephone Number