IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02007-MSK-KLM

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINE DIVISION,

      Plaintiff,

v.

FRONTIER AIRLINES, INC.,
REPUBLIC AIRWAYS HOLDINGS, INC., and
FAPAINVEST, LLC,

      Defendants.

FRONTIER AIRLINES PILOTS ASSOCIATION,

      Interested Party.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Disclosure Order Concerning Commercial Agreement Amendments 1 and 2** [Docket No. 45; Filed March 8, 2012]; **Plaintiff's Motion to Compel Production of Documents by Defendants Frontier Airlines, Inc. and Republic Airways Holdings, Inc.** [Docket No. 46; Filed March 8, 2012]; and **Plaintiff's Motion to Compel Defendant FAPAInvest to Produce Financial Records** [Docket No. 52; Filed March 12, 2012] (collectively, the "Motions").[1] The Motions are referred to this Court for resolution.  [## 47, 48, 53].

_____

[1]  The parties initially complied with the undersigned's discovery dispute procedures by calling Chambers, and the undersigned gave the parties permission to file appropriate written discovery motions.

1

Plaintiff International Brotherhood of Teamsters, Airline Division (the "Teamsters Union") brings this lawsuit pursuant to the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.*, which governs labor relations in the airline industry. *Compl.*, [#1] at 1; *Ord.*, [#57] at 1. The case arises from a Letter of Agreement ("LOA 67") entered into by Interested Party Frontier Airline Pilots Association ("FAPA") and Defendant Frontier Airlines, Inc. ("Frontier") [revised at #1-4], and a related Commercial Agreement between Frontier, Defendant Republic Airways Holdings, Inc. ("RAH") and Defendant FAPAInvest, LLC ("FAPAInvest") [#1-5]. The Teamsters Union attests that it was certified as the exclusive bargaining representative for pilots employed by RAH's subsidiaries, including Frontier, on June 28, 2011. [#1] at 7. Previously, FAPA had been the bargaining representative for Frontier pilots (Frontier was acquired by RAH in 2009). [#57] at 2. The Teamsters Union asserts that the LOA 67 (effective June 17, 2011) and related Commercial Agreement (effective June 24, 2011) unlawfully undermine its position as the exclusive bargaining representative and violate certain provisions of the RLA. *See* [#1]. Thus, the Teamsters Union requests that the Court issue a declaratory judgment declaring the LOA 67 and Commercial Agreement null and void, as well as an injunction barring RAH, Frontier, and FAPAInvest from taking action in furtherance of the LOA 67 and Commercial Agreement.[2] *Id.* at 11-12.

Pursuant to the Scheduling Order entered October 26, 2011, the deadline for completion of discovery is May 14, 2012, and the dispositive motion deadline is June 15, 2012. [#25] at 7. No substantive hearings have been scheduled.

---

[2] The Court incorporates by reference the background of this lawsuit as set forth in the Opinion and Order Granting in Part and Denying in Part Motion to Dismiss. *Ord.*, [#57] at 1-5. The remaining third, fifth, and sixth claims concern the validity of the LOA 67 and Commercial Agreement pursuant to certain provisions of the RLA. *See* [#57], [#1].

At their core, the three motions concern a single issue: the effect and mechanics of the Stipulation and Protective Order governing the exchange of discovery designated as confidential by any of the parties (including Interested Party FAPA).  *See* [#41] (Stipulation and Protective Order), [#43] (extended to FAPA).  The Teamsters Union filed its Motion for Disclosure Order Concerning Commercial Agreement Amendments 1 and 2 ("Motion for Disclosure Order"), and included the two Amendments, which were designated as confidential by FAPAInvest, as exhibits to the Motion for Disclosure Order.  *See* [#45].  The Teamsters Union thus entered the documents designated as confidential into the public record.  Defendants then filed a Motion to Seal, asking the Court to restrict public access to the two Amendments pending the adjudication of the Motion for Disclosure Order.  *See* [#49].  Because Defendants' argument in the Motion to Seal rested exclusively on the governing Stipulation and Protective Order, the District Judge denied the Motion to Seal without prejudice.  [#51].  Defendants did not renew their Motion to Seal.

The merits of the Motion to Seal and the confidential designation of the two Amendments aside, Defendants now raise the specter of the Teamsters Union's unfettered disclosure of confidential materials as a basis for Defendants' refusal to produce documents responsive to the Teamsters Union's written discovery requests.  The Court finds Defendants' concern justified.

The Stipulation and Protective Order was entered as an Order of the Court.  [## 41, 43].  Paragraph Five of the Stipulation and Protective Order prescribes that "Individuals authorized to review Confidential Information pursuant to the Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order." [#41] at 3.  The Teamsters Union violated this directive

3

by lodging the Amendments designated as confidential on the docket, without permission from Defendants and in the absence of a court order.

Paragraph Nine of the Stipulation and Protective Order sets forth a method for objecting to the designation of documents as confidential.  After a good faith attempt at resolving a dispute regarding a challenged confidential designation, "any Party may move for a disclosure order or a protective order consistent with this order. . . . [T]he information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion." *Id.* at 4.  Nothing in this instruction requires the filing of the challenged confidential documents with the Court; in fact, the provision explicitly extends the protections stated therein to challenged discovery, pending order by the Court. The Teamsters Union's conduct clearly violated the plain language, as well as the spirit and purpose, of the Stipulation and Protective Order.  This violation is sanctionable conduct.

"[S]tipulated 'blanket' protective orders are becoming standard practice in complex cases."  *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990).

> They allow the parties to make full disclosure in discovery without fear of public access to sensitive information and without the expense and delay of protracted disputes over every item of sensitive information, thereby promoting the overriding goal of the Federal Rules of Civil Procedure, "to secure the just, speedy, and inexpensive determination of every action."

*Id.* (citing Fed. R. Civ. P. 1).  The Teamsters Union's single act of filing disputed confidential documents on the record has indeed multiplied the efforts of this Court in efficiently handling discovery disputes.  All parties, and Interested Party FAPA, are fairly warned that any party which, in the future, violates the Stipulation and Protective Order <u>shall</u> be subject to sanctions.

That said, the Court is cognizant that Paragraphs Nine and Ten of the Stipulation and Protective Order could be construed as inconsistent.  Therefore, the Court reforms

4

Paragraphs Nine and Ten of the Stipulation and Protective Order as follows:[3]

9.   If a Party objects to the designation by another Party of certain information as Confidential Information, the Party shall promptly inform the disclosing Party in writing of the specific grounds of objection to the designation.  The Parties shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, the Parties are unable to resolve their dispute, any Party may move for a disclosure order or a protective order consistent with this order.  Any such motion shall be made pursuant to Magistrate Judge Mix's discovery procedures within 14 days of the Parties' inability to resolve their dispute.  If Magistrate Judge Mix permits the challenging Party to file a written motion for disclosure order on the docket, the challenging party must 1) file the disputed information as an exhibit to such motion, and 2) file the disputed information under restriction until such time as the Court rules on the motion.  The disputed information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion for disclosure order, regardless of whether such motion is oral or written.

10.  Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use.  Confidential Information

---

[3] "As long as a protective order remains in effect, the court that entered the order retains the power to modify it . . . ." *United Nuclear Corp.*, 905 F.2d at 1427 (citations omitted).  The district court retains discretion as to the  modification of a protective order.  *Id.*

and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing under restriction or otherwise kept out of the public record in this action, however, except by court order issued upon the motion to file the documents under restriction, or upon any motion for disclosure order.  Any motion requesting leave to file documents under restriction shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.3d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

The Court turns now to the merits of the three discovery motions at issue.

## I.    Motion for Disclosure Order [#45]

The Teamsters Union asks the Court to issue an order removing the "confidential" designations of Amendment Nos. 1 and 2 to the June 24, 2011 Commercial Agreement. [#45] at 1.  The Teamsters Union contends that FAPAInvest improperly designated these two Amendments as confidential.  *Id.*  The Teamsters Union asserts that, because the Commercial Agreement is an exhibit to the Complaint in this matter and was an exhibit to RAH's SEC Form 8-K filing submitted July 6, 2011, the Amendments to the Commercial Agreement should likewise be publicly available.  *See* [#45].

Although the Teamsters Union certified that counsel attempted to resolve this dispute but was unable to do so, no Defendant filed a response in opposition to this Motion. The Court therefore construes the requested relief as unopposed, and in any event, finds that, in the absence of a response, Defendants fail to carry their burden of supporting the

designation of the Amendments as confidential.  *See Gillard v. Boulder Valley Sch. Dist. RE-2*, 196 F.R.D. 382, 386 (D. Colo. 2000) ("the party seeking the protection shoulders the burden of proof in justifying retaining the confidentiality designation").  Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion for Disclosure Order Concerning Commercial Agreement Amendments 1 and 2 [#45] is **GRANTED**.  The designation of Amendment Nos. 1 and 2 to the Commercial Agreement as confidential is hereby **REMOVED**.

## II.    Motion to Compel Production of Documents [#46]

In this Motion, the Teamsters Union asks the Court to issue an order compelling Frontier and RAH to complete production of non-privileged documents responsive to its discovery requests served on December 5, 2011 [#46].  Frontier and RAH ("Frontier/RAH") filed a Response in opposition to the Motion on March 29, 2012 [#56], and the Teamsters Union submitted a Reply on April 12, 2012 [#64].  Frontier/RAH raises several objections to the Motion, including an objection to the conferral by the Teamsters Union's counsel who is allegedly not admitted to practice law in this District, and an objection to production on the basis that the Teamsters Union inappropriately disclosed documents designated as confidential.

As explained above, the Court has resolved the issue of the proper method for challenging a designation of discovery information as confidential pursuant to the Stipulation and Protective Order.  Regarding Frontier/RAH's objection to counsel for the Teamsters Union who has not entered an appearance in this matter, the Court's preference is that the duty to confer be undertaken by attorneys who have entered an appearance in the lawsuit at issue.  However, Frontier/RAH does not provide authority for their contention

on this point, and their attempt to negate the conferral process by pointing fingers is juvenile and counterproductive.[4]   The Court thus rejects Frontier/RAH's arguments. Accordingly,

IT IS FURTHER **ORDERED** that Plaintiff's Motion to Compel [#46] is **GRANTED** as follows.  Defendants Frontier and RAH shall complete production of all non-privileged documents responsive to the Teamsters Union's December 5, 2011 Rule 34 Requests on or before **May 1, 2012**.   In consideration of the Teamsters Union's violation of the Stipulation and Protective Order, the Court declines to order the payment of expenses as contemplated by Fed. R. Civ. P. 37(a)(5).

### III.     Motion to Compel Production of Financial Records [#52]

The Teamsters Union asks the Court to issue an order compelling production of documents responsive to its Request for Production No. 12, served on FAPAInvest on December 5, 2011.  Request for Production No. 12 seeks:

> 12. The financial records of FAPAInvest including, but not limited to, bank statements and internal accounting records which reflect member contributions, assets, liabilities, income and/or expenses.

[#52] at 1.  In its response to this Request made on January 23, 2012, FAPAInvest stated that "after conducting a reasonably diligent search, it will produce all such responsive, non-privileged documents, if any, in its possession, custody or control."  *Id.* at 1-2.  On March 1, 2012, FAPAInvest informed the Teamsters Union that it objects to production of "[t]he only responsive documents that exist [which] are bank statements for FAPAinvest's bank account," on the basis of irrelevance.  *Id.* at 2.  On March 9, 2012, FAPAInvest served an amended response on the Teamsters Union, objecting to Request No. 12 as

---

[4] In any event, the attorney at issue, Mr. Feinberg, entered his appearance on behalf of the Teamsters Union on April 17, 2012 [#69].

"overbroad, unduly burdensome, seek[ing] information that is not relevant to the claims or defenses of any party, and . . . not reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 3.  FAPAInvest further averred that the Teamsters Union "has not established a compelling need to obtain copies of FAPAInvest's confidential, proprietary financial information, nor has it demonstrated that it cannot obtain the information it seeks from less sensitive and intrusive sources." *Id.*

The Teamsters Union claims that the requested financial information is relevant to its position that FAPAInvest is the alter ego of FAPA.  *Id.* at 3.  As referred to above, FAPA is the entity the Teamsters Union replaced to become the certified exclusive bargaining representative of all of RAH's airline subsidiaries.  *Id.*  The Teamsters Union argues that it needs the requested financial information to demonstrate "the degree to which [FAPAInvest's and FAPA's] assets and affairs have been commingled."  *Id.* at 4 (citation omitted).

FAPAInvest filed a Response in opposition to the Motion on April 2, 2012 [#58]. FAPAInvest asserts that its financial information is irrelevant to the Teamsters Union's requests for declaratory and injunctive relief, because whether FAPAInvest is an alter ego of FAPA is irrelevant to the validity of the LOA 67 and Commercial Agreement.  *Id.* at 5, 7. FAPAInvest characterizes the Teamsters Union's request for its financial records as a "highly invasive fishing expedition" looking for "evidence of wrongdoing."  *Id.* at 8.

Additionally, FAPAInvest claims that public policy dictates restraint in disclosure of financial information.  *Id.* at 9.  FAPAInvest avers that the Teamsters Union has information refuting its concerns that FAPAInvest is FAPA's alter ego, namely, FAPAInvest's Articles of Organization and Operating Agreement.  *Id.* at 8-9.  FAPAInvest attests that it "is willing to stipulate that it has opened a bank account in its own name, that FAPA has no interest

in that bank account, and that it received $100,000 from RAH pursuant to Amendment 2 to the Commercial Agreement which it deposited into that account." *Id.* at 9.  FAPAInvest further suggests that, in lieu of its financial documents, the Teamsters Union may depose two identified individuals (Jeff Thomas and Scott Gould) regarding the factors of the alter ego test. *Id.*  FAPAInvest additionally raises the objection that the Teamsters Union has previously failed to comply with the Stipulation and Protective Order. *Id.* at 10.

In Reply, the Teamsters Union explains that the President of FAPA, Jeffrey Thomas, is also the sole member of FAPAInvest. [#68] at 4.  As part of the Teamsters Union's third claim for relief (which remains at issue), the Teamsters Union alleges that "RAH and Frontier know that FAPAInvest is controlled by and is an alter ego of FAPA."[5] [#1] at 9. Thus, the Teamsters Union contends that the issue of an alter ego relationship between FAPA and FAPAInvest is outstanding and disputed, and directly relevant to its allegations that the LOA 67 and Commercial Agreement violate various provisions of the RLA (*e.g.*, the Teamsters Union suggests that FAPA's Secretary-Treasurer was unlawfully promoted by Frontier in exchange for collective bargaining concessions). *Id.* at 7, 9-10.

The scope of discovery is broad and "is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995) (citation omitted).  Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature,

---

[5] Additionally, in the Commercial Agreement, FAPAInvest is described as the entity "acting on behalf of those persons employed as pilots by [Frontier] as of the date of Letter of Agreement 67," which in turn refers to the Frontier pilots represented by FAPA. [#1-5] at 1. Further, pursuant to the Commercial Agreement, FAPAInvest has "the sole authority to represent the interest of the Participating Pilots in any matter related to this agreement." *Id.* at 4.

custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter . . . subject to the limitations imposed by Rule 26(b)(2)(C)."  *See also Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 702 (D. Kan. 2000) (citations omitted) (noting that "request for discovery should be considered relevant if there is 'any possibility' the information sought may be relevant to the subject matter of the action").   Considering that "[l]imitations on the discovery process necessarily conflict with the 'fundamental principle that the public . . . has a right to every man's evidence,' " the Federal Rules broadly define the scope of discovery.  *Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 356 (D. Colo. 2004) (citing *Trammel v. United States*, 445 U.S. 40, 50 (1980)).

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."  *Simpson*, 220 F.R.D. at 359 (citations omitted); *see also Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting discovery based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or burdensome"). However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.  *See Paradigm Alliance, Inc. v. Celeritas Tech., LLC*, No. 07-1121-MLB, 2008 WL 678700, at *2 (D. Kan. March 7, 2008) (citation omitted); *Williams*, 192 F.R.D. at 705 (noting that when relevancy of propounded request not apparent, proponent has burden

of establishing it).

Here, the Court finds the Teamsters Union's position more persuasive.  The discovery sought by the Teamsters Union appears relevant to its claims (namely its third claim, which alleges the existence of an alter ego relationship, and survived the motion to dismiss), and FAPAInvest does not meet its burden of demonstrating otherwise.  In essence, FAPAInvest's objection to producing its financial information is that it is irrelevant (which, as stated herein, the Court rejects), and that the Teamsters Union has not abided by the terms of the Stipulation and Protective Order (which, also as stated herein, the Court resolves).  The Court thus finds no compelling argument presented by FAPAInvest against the production of its financial records.  Of course, any such record may be designated in good faith as confidential pursuant to the Stipulation and Protective Order, and if any record is, in good faith, designated as privileged, such record must be identified in a privilege log produced contemporaneously with documents responsive to Plaintiff's Request for Production No. 12 pursuant to Fed. R. Civ. P. 26(b)(5).  Accordingly,

IT IS FURTHER **ORDERED** that Plaintiff's Motion to Compel Defendant FAPAInvest to Produce Financial Records [#52] is **GRANTED**.  Defendant FAPAInvest shall produce documents responsive to Plaintiff's Request for Production No. 12, consistent with this Order, on or before **May 1, 2012**.  In consideration of the Teamsters Union's violation of the Stipulation and Protective Order, the Court declines to order the payment of expenses as contemplated by Fed. R. Civ. P. 37(a)(5).

Dated: April 24, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge